## WISWALL and others *vs.* WANDELL.

Notice of an application to the court for a license to establish a ferry, need not be given to all who claim a right to the ferry; nor even to all those who have obtained a license from another court for a ferry at the same place. All that is required, where the applicant is not the owner of the land through which the highway adjoining to the ferry runs, is that the person applying for a license shall give notice of the application, to the owners of such land.

Where a bill was filed, by persons claiming the exclusive right to a ferry, to obtain a decree restraining the defendant from keeping a ferry at the same place, and such bill alleged that the defendant had established a ferry there, in violation of the rights of the complainants; and that he was using the same in pursuance of a pre-tended license from some court or person, but that if any license had been granted to the defendant, the same was granted in fraud of the complainants' rights, *and without any legal notice to them;* but such bill contained no allegation that the complainants were the owners of the land through which the road adjoining the ferry ran; *Held* that the averment, as to the want of notice to the complainants, was not material for any of the purposes of the suit; and that the defendant was not bound to answer it.

THIS case came before the chancellor upon an appeal from an order of the vice chancellor of the third circuit, overruling the defendant's exception to the master's report, upon an exception to the answer for insufficiency. The bill was filed to obtain a decree restraining the defendant from using a skiff ferry for the conveyance of passengers across the Hudson river at Troy. The bill alleged, in substance, that on the 10th of May, 1796, Jacob D. Vanderheyden was the owner of all the lands on the east bank of the Hudson river between the south bounds of Division-street, on the south, and the north bounds of Grand Division-street, on the north, and bounded west by the river;

Wiswall *v.* Wandell.

that, as appurtenant to such lands *or otherwise,* he was the owner of and enjoyed the exclusive right of ferriage, across the river, opposite such lands; that on the day last mentioned, he conveyed to the trustees of the then village of Troy certain portions of those lands for streets running to the east bank of the river, upon condition that the trustees should not erect, establish, or carry on, any ferry from Troy to the opposite bank of the river; and reserving to him and his heirs and assigns the privilege of using and erecting a ferry on such lands, in as full and ample a manner as if that conveyance had not been made; that the right of ferriage so reserved became vested in the complainants, by divers devises, descents, and conveyances, from and under Jacob D. Vanderheyden, together with lot No. 8, south of and adjoining Ferry-street; that in April, 1843, one of the complainants, for the joint benefit of himself and the others, obtained a license, from the court of common pleas of the county of Albany, to keep a ferry between the foot of Ferry-street and the village of West Troy, and a skiff ferry from the foot of State-street to the same village, for three years. The bill, which was filed the last of October, 1845, then charged, that the defendant had established a skiff ferry and had commenced the ferriage of passengers, across the river, from the foot of State-street, in the city of Troy, to the opposite side of the river, in violation of the right of the complainants; that he pretended he had procured a license, from some court or person, to establish and keep a ferry there; whereas the complainants charged that if any license had been granted to him by any court, the same was granted to and procured by him in fraud of the complainants' rights, *and without any legal notice to them or either of them,* and in violation of the statute on that subject; and that such license was illegal and void.

The defendant, by his answer, denied that Jacob D. Vanderheyden, by virtue of his ownership of the lands or otherwise, was entitled to the exclusive right of ferriage claimed by him, or that the complainants had derived any such right from him. The defendant also denied that the skiff ferry established by the complainants, and for which they had a license from the

court of common pleas of the county of Albany, was from the foot of State-street in Troy. He also stated, in his answer, that on the 3d of October, 1845, he was duly licensed by the court of common pleas, of the county of Rensselaer, to keep a skiff ferry, for the transportation of foot passengers, from the foot of State-street in the city of Troy to the opposite bank of the river, for the term of one year; setting out the recognizance entered into by him, and the rates of ferriage which he was authorized to receive. He further stated that State-street was a public highway, and that the owners of all the land adjoining the same, where his skiff ferry was established, were unwilling to apply for a license to run any ferry therefrom, and were willing and desirous that he should run his ferry therefrom in pursuance of his license. But the answer neither admitted nor denied the charge in the bill, that the license was obtained without giving to the complainants or either of them, any notice of the application to the court for such license. And the complainants excepted to the answer, for insufficiency, on that account. The master allowed the exception; and the defendant having excepted to the report, the vice chancellor sustained the decision of the master and overruled the exception to the report.

J. D. *Willard*, for the appellants.

S. *Stevens*, for the respondents.

THE CHANCELLOR. It is admitted that the defendant has not answered the allegation, in the bill, that the license to the defendant, for the skiff ferry, was granted and procured without any notice to either of the complainants. The only question for consideration, therefore, is whether there is any thing in the bill showing that allegation to be material for any of the purposes of the suit. For if notice of the application was not necessary to be given, to the complainants, to render the granting of the license valid, the allegation that it was granted in fraud

Wiswall *v.* Wandell.

and derogation of their rights, is sufficiently denied in the answer.

The title of the revised statutes for the regulation of ferries, does not require a notice of the application for a license to be given to all who claim a right to the ferry, nor even to all those who have obtained a license from another court, for a ferry at the same place. All that is required, where the applicant is not the owner of the land through which the highway adjoining to the ferry runs, is that the applicant shall give notice of the application to the owner of such land. Here there is no allegation in the bill that the complainants were the owners of the lands through which the road adjoining the skiff ferry runs, or any part of such lands. The grant from Lansing, to Cushman and Wiswall, in connection with the north half of lot No. 8, was of the exclusive right which the grantor claimed to keep a ferry. But he did not grant to them the right to go over any other of his lands, for the purpose of enabling them to establish a ferry opposite to such lands.

If the complainants are right in charging that they have the prescriptive and exclusive right to the ferry, independent of their license from the court of common pleas of Albany county, then the license to the defendant is good for nothing; and it is wholly immaterial whether the complainants had or had not notice of the application for it. But if their right depends upon their license exclusively, then they were only entitled to the notice in case they were owners of the lands through which the road to the skiff ferry runs. And I find nothing in this bill from which it can be inferred that the complainants were such owners, at the time the license to the defendant was granted. The statute requiring notice, of the application for a ferry license, to be given to the owner of the lands through which the highway adjoining the ferry runs, is probably based upon the supposition that such owner is in fact the owner of the fee of the land over which the highway is laid out. And such is the legal presumption in the present case, in the absence of any evidence that the land over which State-street is laid out belongs to the complainants, or to the city of Troy.

The charge in the bill, of a want of notice to the complainants, not appearing to be. material for any purpose of the suit, the master erred in allowing the exception to the answer for insufficiency, and the exception to his report was well taken. The order appealed from was therefore erroneous, and must be reversed, with costs. And an order must be entered allowing the exception to the master's report, and overruling the exception to the answer ; with costs, to the defendant, upon the reference, and also on the exception to the report, and on the hearing before the vice chancellor.