## CLOW v. VAN LOAN.

*Constitutional law — Laws 1855, chap. 347, constitutional. Turnpike — individ-
ual owning may sue for penalty for running gate, in his own name. Corpora-
tion — liability to forfeit charter cannot be set up collaterally. Justice's court
— what is not question of title, ousting of jurisdiction.*

Laws 1855, chap. 347, authorizing the sale and transfer, by a turnpike com-
pany, of its corporate rights and franchises to any person or corporation, *held*
constitutional. *Held*, also, that an individual could, under such act, take,
enjoy and convey such franchises, and his grantee could maintain an action
in his own name to recover the penalty provided by Laws 1855, chap. 485,
against one running a toll-gate on such turnpike.

*Held* further, (1) that it was immaterial in such action that the company had
ceased to exist ; or (2) that it had rendered itself liable to forfeiture of its
franchise by misuser or omissions, no judicial proceedings for forfeiture hav-
ing been instituted.

Plaintiff was in possession of the turnpike under a deed, which he introduced
in evidence. Defendant did not dispute the title by proof. *Held*, not to
involve a question of title to real estate so as to oust a justice's court of
jurisdiction.

APPEAL by defendant from a judgment in favor of plaintiff in
the Greene county court.

The action was brought by Casper Clow against John I. Van
Loan, in a justice's court, to recover penalties for running a toll-
gate on a turnpike. The answer was a general denial; payment;
that action was not properly brought in the name of plaintiff; that
defendant was exempt from paying toll; that plaintiff was not
entitled to maintain the action, and no cause of action existed.
Judgment was rendered in favor of the plaintiff for $34.35, and was
affirmed upon appeal to the county court.

By Laws 1855, chap. 347, § 1, it is provided that "the president
and directors of the eastern branch of the Schoharie Turnpike Road
Company may sell said turnpike to any man or company of men,
under their corporate seal, whenever the stockholders, holding and
owning two-thirds of the stock of said company, shall, in writing,
consent to such a sale, which shall be acknowledged before an officer
authorized to take the acknowledgment of deeds, which acknowl-
edgment shall be recorded in the county clerk's office in which said
turnpike road is situated; whereupon said purchaser or purchasers

shall be endowed with all the benefits and emoluments of said turnpike company, and subject to all the laws of the same."

In October, 1855, an instrument was executed by persons claiming to be the president, secretary and treasurer, and two directors of said company, reciting that they owned two-thirds of the stock, and consented to a sale of the road; this was acknowledged and recorded in the Greene county clerk's office; the road being situated in Greene county. On the 5th day of December, 1855, the same persons executed a deed, under what was termed the corporate seal of said company, conveying said road to one Nichols, with all the privileges, rights and appurtenances thereunto belonging. This deed was recorded at the same time as the consent above mentioned. Nichols occupied the road until April 24, 1867, when he, by deed, conveyed the same to the plaintiff, Casper Clow, with all the right, title, interest and franchises in and to the same. Clow took possession and collected tolls on the road from that time down to the time of the trial of this action.

The defendant, who claimed that he never had paid toll on that road, refused to pay the same upon several occasions, denying the right of plaintiff to collect or demand it. Plaintiff then brought three actions, for penalties for passing the gate without paying toll, under the provisions of the Laws of 1855, chapter 485, and in each action recovered judgment — in one action $40 ; in the second $100 ; and in the third $30. From those judgments appeals were taken to the Greene county court, where the judgments were affirmed with costs. From the last-mentioned judgment of $30 this appeal is taken.

The defendant raised the following questions on the trial : 1. The invalidity of the act, chap. 347, Laws of 1855. 2. Its unconstitutionality. 3. That the pretended transfer of the road to Nichols was without authority of law and void. 4. That Nichols' transfer to the plaintiff gave him no title. 5. That the introduction of the two deeds or transfers brought in question the title to real estate, which was then and there disputed by the defendant. 6. The plaintiff had no right to bring the action. 7. The plaintiff's complaint does not state a cause of action. 8. That the plaintiff, under one count in his complaint, could recover but for one penalty.

Such other facts as are material appear in the opinion.

*James B. Olney,* for appellant.

*John Sanderson,* for respondent.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

BOARDMAN, J. The act of 1855, chapter 347, was valid and constitutional. The legislature had the power to create the turnpike company. By the same power it could authorize such company to sell or transfer its corporate rights and franchises. The various acts of the legislature in evidence show the existence of a legal company. Under the act of 1855, such company, by a deed good upon its face, conveyed to Nichols the turnpike and all the company's rights, franchises, etc., under its charter. This was in 1855. From that time until 1867 Nichols remained in the possession and use of said turnpike, collecting tolls thereon. I can see no rational principle upon which a doubt can be raised, either as to the power of the legislature to authorize such a sale to an individual, or the right of an individual to take and enjoy under such a sale. If it be conceded that the deed was informal, or that the requisite number of stockholders did not consent, it will not benefit the defendant. A sale was made, possession was given, and Nichols used and enjoyed the property sold, under a color of title, claiming to own for over ten years. The defendant is not in a position to attack such an ownership, or do violence to such possession and user. If anybody could do so, it would be the stockholders of the company, but their laches and neglect would estop them. If Nichols acquired any title to the turnpike property and franchises he could convey them to plaintiff, just as the individual owner of a ferry franchise can sell it to another. Rights of this character may be obtained by prescription, and become property in the owners. *Wiswall* v. *Wandell*, 3 Barb. Ch. 315. Whatever property a man possesses he may sell and convey, unless by its tenure it is forbidden. *Adams* v. *Beach*, 6 Hill, 271.

It results from these considerations, if just, that Nichols acquired the right from the turnpike company to demand, sue for and receive tolls, and that he had a right to sell and convey to plaintiff such turnpike and all the rights, privileges and franchises incident to its ownership. When the company parted with the property it had no longer any right to receive tolls, or bring actions therefor. Such actions must be brought in the name of the real party in interest. Code, § 111. Nor is it of the slightest consequence in this case whether the turnpike company has been dissolved or still exists. It is sufficient if it appears to have divested itself of all interest in this action. So far as a forfeiture is urged, it is suffi-

cient to say that the franchise must be forfeited by judicial proceedings, before an individual can avail himself of its misuser or omissions. *Thompson* v. *N. Y. & Har. R. R. Co.*, 3 Sandf. Ch. 625; *Adams* v. *Beach*, 6 Hill, 271.

It is further urged by the appellant that the justice erred in not dismissing this action because the title to land came in question. This claim is not sustained by the evidence. Plaintiff produced his deed under which he claimed possession, and to connect himself with the charter whereby the right to tolls is given. The defendant did not dispute plaintiff's title by proof. When a deed is put in evidence for a collateral purpose it does not bring in question the title to land.

All that the plaintiff was required to do was to establish his possession of the turnpike and the right derived from the company to collect the tolls. The controversy was not over title to lands, for it stands conceded that this turnpike had been occupied and used for such purpose for more than twenty years, and that for all that time tolls had been collected upon it. No one pretends it was not a turnpike upon which tolls were, and had long been, collected. But it is denied that plaintiff has shown himself in a position to sue for and collect penalties for non-payment of tolls. Showing himself in possession of the turnpike is presumptive evidence of ownership for the purposes of this action. The deed or transfer of the company rights is then given in evidence to show, not a title to the highway, but a right to pursue such remedies as by statute were given to the company for interference with his possession and presumptive title.

If the foregoing reasoning is correct, the judgment of the Greene county court should be affirmed, with costs.

*Judgment affirmed.*